# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PUBLIC EMPLOYEES FOR ENVIRONMENTAL RESPONSIBILITY, 962 Wayne Ave, Suite 610 Silver Spring, MD 20910<br><br>*Plaintiff*,<br><br>v.<br><br>BUREAU OF LAND MANAGEMENT Department of the Interior 1849 C Street, N.W. Washington, DC 20240<br><br>*Defendant.* | CIVIL ACTION NO. 1:19-cv-3431<br><br>**COMPLAINT** |

## **PRELIMINARY STATEMENT**

1. Plaintiff Public Employees for Environmental Responsibility ("Plaintiff" or "PEER") brings this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, as amended, to compel the United States Department of the Interior ("DOI"), Bureau of Land Management ("BLM"), to disclose documents requested pursuant to FOIA. Specifically, PEER is seeking documents related to the agency's reduction of grazing fees on BLM lands.

2. To date, Defendant has failed to make a determination on Plaintiff's FOIA request or to disclose to the Plaintiff all of the requested documents within the time stipulated under FOIA or provide an accurate date when such documents will be disclosed.

## **JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action under 5 U.S.C. § 552(a)(4)(B). This Court also has federal question jurisdiction over this action under 28 U.S.C. § 1331.

4. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

5. This Court is a proper venue under 5 U.S.C. § 552(a)(4)(B) (providing for venue in FOIA cases where the plaintiff resides, or in the District of Columbia).

6. This Court has the authority to award reasonable costs and attorneys' fees under 5 U.S.C. § 552(a)(4)(E).

**PARTIES**

7. Plaintiff, PEER, is a non-profit public interest organization incorporated in Washington, D.C. and headquartered in Silver Spring, Maryland, with field offices in California, Colorado, Florida, Massachusetts, and Tennessee.

8. Among other public interest projects, PEER engages in advocacy, research, education, and litigation relating to the promotion of public understanding and debate concerning key current public policy issues. PEER focuses on the environment, including the regulation and remediation of toxic substances, public lands and natural resource management, public funding of environmental and natural resource agencies, and governmental accountability. PEER educates and informs the public through news releases to the media, through its web site, www.peer.org, and through publication of the *PEER Review* newsletter.

9. Defendant BLM is a bureau of the DOI and an agency of the United States under 5 U.S.C. § 552(f)(1).

10. Defendant is charged with the duty to provide public access to records in its possession consistent with the requirements of the FOIA. The Defendant's refusal to provide the Plaintiff with the records requested on March 5, 2019, is a violation of the FOIA, a federal law.

**STATEMENT OF FACTS**

*11.* On Feb. 20, 2019, the BLM announced that the Federal grazing fee for 2019 will drop to $1.35 per animal unit month ("AUM") for the public lands it administers.[1] The grazing fee applies in 16 Western states: Arizona, California, Colorado, Idaho, Kansas, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, and Wyoming. On March 5, 2019, PEER requested information from BLM's Headquarters via FOIA concerning its grazing fee changes. Specifically, PEER requested:

> *1. The decision document implementing this grazing fee reduction for BLM lands;*
>
> *2. Documents reflecting the factual rationale for this decision;*
>
> *3. Records reflecting the extent to which the 2018 and 2019 grazing fees covered the costs to BLM to administer its livestock grazing program;*
>
> *4. Records detailing precisely what steps the BLM has taken during the past twelve months "to ensure public rangelands remain healthy, productive working landscapes" (in the words of Brian Steed, Deputy Director for Programs quoted in the BLM press release); and*
>
> *5. BLM cumulative range health figures for 2016-18. We are seeking data similar to the data contained in Table 7 of the Rangeland Inventory, Monitoring, and Evaluation reports of 2012 and earlier.*

12. On Apr. 12, 2019, BLM responded to PEER indicating the agency had received PEER's FOIA request and had assigned it control number 2019-00593. BLM stated it would respond under the "Complex" processing track, that is, "for requests that can be processed in twenty-one to sixty workdays." That would have resulted in BLM production by June 1, 2019. However, the bureau failed to respond fully by then.

---

[1] See BLM Press Release of Feb. 20, 2019, "BLM and Forest Service Grazing Fees Lowered in 2019," at: https://www.blm.gov/press-release/blm-and-forest-service-grazing-fees-lowered-2019 .

13. On June 4 and again on July 30, PEER urged BLM to respond, but without success. BLM did provide PEER some of the documents requested in item 5 of the FOIA request, limited to cumulative rangeland health figures for 2016-2017.

14. To date, PEER's FOIA request to BLM has produced no other documents and BLM has not agreed to a production schedule.

## CAUSE OF ACTION

15. Plaintiff incorporates the allegations in the preceding paragraphs.

16. The FOIA requires federal agencies to respond to public requests for records, including files maintained electronically, to increase public understanding of the workings of government and to provide access to government information.  FOIA reflects a "profound national commitment to ensuring an open Government" and agencies must "adopt a presumption in favor of disclosure."  Presidential Mem., 74 Fed. Reg. 4683 (Jan. 21, 2009).

17. The FOIA requires agencies to determine within 20 working days after the receipt of any FOIA request whether to comply with the request. 5 U.S.C. § 552(a)(6)(A)(i). Agencies may only extend this time period for an additional 10 working days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i). The FOIA also provides that upon request, agencies are to make records "promptly available." 5 U.S.C. § 552(a)(3)(A).

18. Twenty working days from Mar. 5, 2019, (the date BLM states it received PEER's FOIA request) was Apr. 4. As of the date of this filing, other than some of the documents requested in item 5 in the request, Plaintiff has received no other documents in response to BLM's FOIA number 2019-00593.

19. Administrative remedies are deemed exhausted when an agency fails to comply with the applicable time limits. 5 U.S.C. § 552(a)(6)(C)(i). Having fully exhausted its administrative

remedies for its Mar. 5, 2019 FOIA request, PEER now turns to this Court to enforce the remedies and public access to agency records guaranteed by the FOIA.

20. Defendant's conduct amounts to a denial of the vast bulk of Plaintiff's FOIA request, the sole exception being its partial response to item 5. Defendant is frustrating Plaintiff's efforts to adequately understand and educate the public regarding the activities of BLM.

21. Plaintiff has constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i), and now seeks an order from this Court requiring the Defendant to immediately produce the records sought in Plaintiff's FOIA request, as well as other appropriate relief, including attorneys' fees and costs.

22. Defendant's failure to make a determination on or disclose the documents requested in Plaintiff's Mar. 5, 2019, FOIA request within the time frame mandated under FOIA is a denial and wrongful withholding of records in violation of 5 U.S.C. § 552.

## **RELIEF REQUESTED**

WHEREFORE, Plaintiff respectfully requests that this Court:

  i. Enter an order declaring that Defendant wrongfully withheld requested agency documents;
 ii. Issue a permanent injunction directing Defendant to disclose to Plaintiff all wrongfully withheld documents;
iii. Maintain jurisdiction over this action until Defendant is in compliance with the FOIA, the Administrative Procedure Act, and every order of this Court;
 iv. Award Plaintiff attorney fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and
  v. Grant such additional and further relief to which Plaintiff may be entitled.

Respectfully submitted on November 14, 2019,

___/s/__Peter Jenkins_____

        Peter Jenkins, DC Bar # 477229
        Public Employees for Environmental Responsibility
        962 Wayne Ave, Suite 610
        Silver Spring, MD 20910
        (202) 265-4189
        pjenkins@peer.org

*Counsel for Plaintiff*